IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE PAGAN : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 07-80 |
| MONTERREY COLLECTION SERVICES : | |
| : | |
| Defendant. : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **MARCH 29, 2007**

Presently before this Court is the Defendant Monterrey Collection Services's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion to Dismiss is granted as to events barred by the statute of limitations. It is denied in all other respects.

**I.     BACKGROUND**

Defendant Monterrey Collections Services ("Monterrey") is a debt collector incorporated under the laws of California. Monterrey was employed by Ocean Reef Yacht Club & Resort ("Ocean Reef") to collect a debt owed by Plaintiff, a resident of the state of New Jersey. Plaintiff filed a complaint on January 8, 2007 based on Monterrey's collection efforts regarding this debt.

Plaintiff contends that Monterrey has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). She claims that Monterrey communicated to her and to credit reporting agencies information which was false, deceptive or misleading in violation of 15 U.S.C. §§ 1692e(2) & (8). Specifically, she claims that Monterrey violated these provisions by failing to tell the credit reporting agencies that she disputed the debt, and by sending letters to her which stated different amounts of the debt owed. Monterrey believes that Plaintiff has failed to

state a claim upon which this Court may grant relief and has asked for dismissal of the complaint. The relevant facts are straight forward.

Monterrey initiated their collection efforts on October 26, 2005 by sending Plaintiff a letter requesting that she pay the sum of $14, 281.76 in fulfillment of a debt she owed to Ocean Reef.  Upon receiving this letter, Plaintiff informed Monterrey that she had an ongoing dispute with the creditor concerning this debt. (Compl. ¶ 12.)  The complaint does not state whether Plaintiff notified Monterrey of her dispute in oral or written fashion.

John Keys, a Monterrey employee, contacted Plaintiff by telephone on October 27, 2005, at her job to discuss this debt.  Plaintiff returned Mr. Keys' call and explained to him that she could not accept personal calls at work.  Mr. Keys continued to call Plaintiff at work despite her request.  He called her at work on October 29, 2005, October 31, 2005, and again on November 19, 2005.  She was reprimanded by her employer for these personal telephone calls.  Monterrey sent letters to Plaintiff dated November 16, 2005, December 28, 2005, February 1, 2006, February 13, 2006, and March 27, 2006.  Each letter stated a different amount owed by Plaintiff.  On January 8, 2007, the present Complaint was filed with this Court.  Plaintiff attached the letters sent by Monterrey to the Complaint.

**II.    STANDARD OF REVIEW**

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).  All

allegations in the complaint must be accepted as true and all reasonable assumptions must be viewed in the light most favorable to the non-moving party.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Exhibits which are attached to the complaint and upon which one or more claims are based can be considered in deciding a motion to dismiss pursuant to Rule 12(b)(6).  See Rossman v. Fleet Bank (R.I.) Nat'l Assoc., 280 F.3d 384, 388 n.4 (3d Cir. 2002).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  Dismissal "should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### III.   DISCUSSION

The FDCPA was enacted to protect consumers from abusive collection practices by debt collectors.  § 1692(e).  A consumer is any natural person obligated or allegedly obligated to pay any debt.  § 1692a(3).  Plaintiff is a consumer under the FDCPA.  A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6).  Monterrey is a debt collector under the definition.  As a debt collector, Monterrey may be liable to any person for actual and additional damages, if Monterrey fails to comply with any provision of the FDCPA with respect to that person.  § 1692k(a).

#### A.   Statute of limitations

Plaintiff is barred by the statute of limitations from bringing suit for any letters Monterrey

mailed or any phone calls Monterrey placed prior to one year before the filing of this lawsuit. "An action to enforce any liability created by [the FDCPA] may be brought in an appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs." § 1692k(d).  Plaintiff's factual allegations contain events which occurred inside and outside of the statutory limitations period.

In regards to the phone calls, Plaintiff is time-barred from asserting claims against Monterrey for telephone calls that were made more than one year from the date on which she filed this claim.[1]  Claims under the FDCPA for telephone calls made by a debt collector more than one year prior to the filing of a suit are barred by the one year statute of limitations.  See Burdett v. Harrah's Kansas Casino Corp., 294 F. Supp. 2d 1215, 1227 (D. Kan. 2003).  The allegations in the complaint state that Monterrey's last telephone call was in December, 2005. Plaintiff needed to bring a claim for these events within one year after they occurred, which for the December, 2005 phone call would have been in December, 2006.  She did not file her lawsuit until January 8, 2007, which was after the limitations period had expired.  All claims based on phone calls that occurred before January 8, 2006 are time-barred under the FDCPA.

Regarding the letters Monterrey mailed, Plaintiff is not time-barred from asserting claims based on the letters dated February 1, 2006, February 13, 2006, and March 27, 2006.  "In cases involving alleged violations of § 1692e, based upon letters sent to [a] consumer, the statute of limitations begins to run on the day a debt collector mails a letter allegedly containing

---

[1] Plaintiff is only barred from asserting FDCPA claims for phone calls which are beyond the statute of limitations.  In her Memorandum in support of her Response to Defendant's Motion to Dismiss, Plaintiff asserts that an agent of Monterrey called her after her husband died on January 10, 2006 and said to her that "no one cares about your dead husband."  This allegation is not contained in the complaint, which states only that telephone calls were made in November and December of 2005.  (Compl. ¶ 15.)  Therefore, that incident is not addressed here.

4

information proscribed by the [FDCPA]." Agosta v. Inovision, Inc., No. 02-806, 2003 WL 22999213, * 6 (E.D. Pa. Dec. 16, 2003) (citing Mattson v. U.S. West Commc'n, Inc., 967 F.2d 259, 261 (8th Cir. 1992)). Assuming that these letters were mailed either on the day that they were dated or shortly thereafter, this Court finds that these three letters are within the one-year limitations period, and thus, this Court has jurisdiction under § 1692k(d).

However, Plaintiff is time-barred as to the letters dated October 26, 2005 and November 16, 2005. These letters appear to have been mailed more than one year before Plaintiff filed this lawsuit on January 8, 2007. Regarding the letter dated December 28, 2005, as Plaintiff appears to think that she has valid claims for only the three 2006 letters, this Court will assume the same. (Pl.'s Resp. Doc. 4-2 at 1.) Thus, the December letter is time-barred as well. Any claims for actions committed by Monterrey more than one year before January 8, 2007, are therefore barred by the statute of limitations.

      **B.**      **Claim under § 1692e(8)**

A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. Hishon, 467 U.S. at 73. Since all allegations in the complaint must be accepted as true and all reasonable assumptions viewed in the light most favorable to the non-moving party, this Court finds that Plaintiff may be able to establish a claim under the FDCPA. Monterrey is correct in its assertion that Plaintiff cannot establish a violation of § 1692e(8) if she did not dispute the debt in writing. See Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991) ("any dispute, to be effective, must be in wring.").

In the Complaint, Plaintiff alleges that she "contacted [Monterrey] and indicated that

there was an ongoing dispute between the alleged creditor and [her]." Plaintiff might be able to prevail if she provided written notice to Monterrey. This is a factual issue that would be better addressed at a later stage of this litigation. Plaintiff has not failed to state a claim and should be afforded an opportunity to offer evidence in support of her claim. In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).

      C.      **Claim under § 1692e(2)**

Consideration of an affidavit concerning factual allegations is not proper on a motion to dismiss which tests the legal sufficiency of the complaint. Woolf v. 1417 Spruce Assoc., L.P., 68 F. Supp. 2d 569, 570 (E.D. Pa. 1999). Consideration of matters outside of the pleadings, such as affidavits, will convert a motion to dismiss for failure to state a claim into a motion for summary judgment. United States ex rel. Tyrrell v. Speaker, 471 F.2d 1197, 1202 (3d Cir. 1973). This Court may consider exhibits attached to the complaint and upon which one or more claim is based in deciding a 12(b)(6) motion. Rose v. Bartle, 871 F.2d 331, 340 n. 3 (3d Cir.1989).

Plaintiff attached the letters to her Complaint which form part of the basis for her claims. These letters state different amounts of money Monterrey is attempting to collect. Monterrey has presented an affidavit which gives reasons for the differences. The affidavit concerns the facts of the underlying dispute, resolution of which is not a proper consideration in a motion under Rule 12(b)(6). These factual issues should not be addressed at this point in this litigation.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE PAGAN : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 07-80 |
| MONTERREY COLLECTION SERVICES : | |
| : | |
| Defendant. : | |

## **ORDER**

**AND NOW**, this  29th  day of March, 2007, upon consideration of Defendant's Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)  (Doc. No. 6), and all responses and replies thereto, it is hereby **ORDERED** that the Motion to Dismiss is **DENIED** with respect to the letters Defendant sent to Plaintiff dated  February 1, 2006, February 13, 2006, and March 27, 2006.  The Motion to Dismiss is **GRANTED** in respect to the phone calls Defendant made to Plaintiff and the letters Defendant sent to Plaintiff during 2005.

BY THE COURT:

 /s/ Robert F. Kelly
ROBERT F. KELLY,              Sr. J.